## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## <u>JACKSONVILLE DIVISION</u>

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| SURGE TRANSPORTATION, INC.,[1] | ) | Case No.:  3:23-bk-1712-JAB |
| | ) | |
| Debtor. | ) | Chapter 11 |
| | ) | |
| _____ | ) | |

## <u>GLOBAL NOTES AND STATEMENT OF LIMITATIONS AND METHODOLOGY REGARDING THE DEBTOR'S SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS</u>

Debtor, Surge Transportation, Inc. ("Debtor"), has contemporaneously herewith filed its Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "SOFA", and collectively with the "Schedules," the "Schedules and Statements") in the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Bankruptcy Court").  The Debtor, with the assistance of its advisors, prepared the Schedules and Statements in accordance with § 521 of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

Omar Singh, the founder and President of the Debtor, signed the Schedules and Statements.  In reviewing and signing the Schedules and Statements, Mr. Singh has necessarily relied upon the efforts, statements, and representations of various personnel of the Debtor.  While Mr. Singh and the Debtor's personnel have made reasonable efforts to file complete and accurate Schedules and Statements based upon information available at the time of preparation, the Schedules and Statements remain subject to further review and verification by the Debtor.  Subsequent information may result in material changes in financial and other data contained in the Schedules and Statements.  The Debtor reserves the right to amend its Schedules and Statements from time to time as may be necessary or appropriate.

These Global Notes and Statement of Limitations and Methodology regarding the Schedules and Statements (the "Global Notes") pertain to, are incorporated by reference in, and comprise an integral part of all of the Schedules and Statements.  The Global Notes should be referred to and reviewed in connection with any review of the Schedules

---

[1]    The Federal Employer Identification Number of the Debtor is 81-224742. The principal address of the Debtor is 7077 Bonneval Road, Suite 550, Jacksonville, Florida 32216.

and Statements.  In the event the descriptions and methodologies set forth in the Schedules and Statements differ from the descriptions and methodologies set forth in the Global Notes, the Global Notes shall control.

The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP"), nor are they intended to be fully reconciled to the Debtor's financial statements.  In preparing the Schedules and Statements, the Debtor relied on unaudited financial data derived from its books and records that was available at the time of such preparation. Though the Debtor has made reasonable and good faith efforts to ensure the accuracy and completeness of such financial information, further research or discovery may identify inadvertent errors, omissions or inaccuracies that may necessitate amendments to the Schedules and Statements.

Nothing contained in the Schedules and Statements shall constitute a waiver of any of the Debtor's rights or an admission with respect to its Chapter 11 case, including, without limitation, any issues involving equitable subordination, setoffs, valuations, offsets or defenses, and/or causes of action arising under the provisions of Chapter 5 of the Bankruptcy Code and any other relevant applicable laws to recover assets or avoid transfers.

**Summary of Significant Reporting Policies**.  The following is a summary of significant reporting policies:

Description of the Case and "As Of" Information Date.  On July 24, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.  The Debtor currently operates its business and possesses its property as debtor-in-possession under Bankruptcy Code §§ 1107 and 1108.  Except as otherwise noted, all asset and liability information is as of July 24, 2023.

Allocation of Liabilities.  The Debtor allocated liabilities between the prepetition and postpetition periods based on research conducted in connection with the preparation of the Schedules and Statements.  A number of invoices from vendors straddle the Petition Date.  In preparing the Schedules, the Debtor made reasonable efforts to allocate these invoices between pre- and post-petition debts and is continuing its efforts to do so. The Debtor reserves all rights to modify, amend and supplement the Schedules and Statements as is necessary and appropriate. The Debtor also reserves the right to alter the priority and allocation of liability to the extent additional information becomes available.

Bankruptcy Court Orders.  Pursuant to interim orders entered by the Bankruptcy Court, the Debtor was authorized to pay certain outstanding prepetition claims of employees for wages, salaries and benefits (the "Employee Wage Order") [Docket No. 34].  A number of the scheduled claims have since been paid.  The Debtor does not waive any right to amend the Schedules and Statements and/or subsequently object to any claims on any basis, including that such claims have already been satisfied through payments with respect to any prepetition payment orders.

<u>Claim Descriptions</u>.  Despite reasonable and good faith efforts, the Debtor may not have designated all claims on its Schedules and Statements that are "disputed," "contingent," or "unliquidated." Any failure to designate a claim on the Debtor's Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtor that such amount is not "disputed," "contingent," or "unliquidated."  The Debtor reserves all rights to dispute any claim, whether reflected on its respective Schedules and Statements or asserted pursuant to a filed proof of claim, on any grounds, including, without limitation, amount, liability or classification, or to otherwise subsequently designate such claims as "disputed," "contingent," or "unliquidated" or assert offsets or defenses to any claim reflected on these Schedules as to amount, liability or status.

<u>Classifications</u>.  Listing a claim or contract (a) on Schedule D as "secured," (b) on Schedule E as "unsecured priority," (c) on Schedule F as "unsecured nonpriority," or (d) on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtor of the legal rights of the claimant, or a waiver of the Debtor's right to recharacterize or reclassify such claim or contract.

<u>Causes of Action</u>. Despite reasonable and good faith efforts, the Debtor may not have identified and/or set forth all of its claims, potential recoveries and causes of action (filed or potential) against third parties as assets in its Schedules and Statements. The Debtor reserves all rights with respect to any causes of action and nothing in the Global Notes or the Schedules and Statements shall be deemed a waiver of any such claim, potential recovery or cause of action.  Similarly, in instances where the Debtor is a defendant in pending causes of action, nothing in the Global Notes or the Schedules and Statements shall be deemed as an admission or determination with respect to, or a waiver of any defense or objection to, such causes of action, and all of the Debtor's defenses, objections, counterclaims and other rights with respect to such causes of action are hereby preserved.

<u>Estimates and Assumptions</u>.  In preparing its ordinary-course books and records and the Schedules and Statements, the Debtor was required to make certain estimates and assumptions that affect the reported amounts of assets and liabilities, and the potential values of contingent assets and liabilities on the Petition Date and the reported amounts of revenues and expenses during the reporting period. Actual results could differ from those estimates.  The Debtor reserves all rights to modify, amend and supplement the Schedules and Statements as is necessary and appropriate.

<u>Excluded Assets and Liabilities</u>.  The Debtor excluded certain assets and liabilities from the Schedules and Statements that relate to GAAP bookkeeping conventions that do not represent either assets with potential value or identifiable liabilities. Examples of these GAAP bookkeeping conventions include, inter alia:  assets such as acquisition goodwill and deferred financing costs.  Further, the Debtor did not undertake an exhaustive physical asset inventory as of the Petition Date.  As a result, certain immaterial assets of the Debtor that are not specifically recorded in the Debtor's accounting records may be omitted from the Schedules and Statements.

<u>Executory Contracts and Unexpired Leases</u>.  The Debtor attempted to set forth all material leases and executory contracts on Schedule G, with the exception of its agreements with its suppliers, which have been limited to the top 25 suppliers by volume due to the large number of these contracts.  This listing may not necessarily include all such contracts.  Some original contracts may have been lost or misplaced.  Moreover, should the Debtor reject any executory contracts and unexpired leases, such rejection may result in the assertion of rejection damages claims; however, the Schedules and Statements do not reflect any potential rejection damages claims.  The Debtor reserves the right to make any arguments and objections with respect to the assertion of any such claims.  Debtor likewise reserves the right to amend Schedule G to include executory contracts or leases that were inadvertently omitted or to include executory contracts or leases that were left off the original Schedule G.

<u>Categories or Labels Used in Schedules and Statements</u>.  Information requested by the Schedules and Statements requires the Debtor to make judgments regarding the appropriate category in which information should be presented or how certain parties, claims or other data should be labeled.  The Debtor's decisions regarding the category or label it uses is based on the best information available as of the filing of the Schedules and Statement and within the time constraints imposed by the Bankruptcy Code and Bankruptcy Rules.  The Debtor reserves the right to modify, change or delete any information in the Schedules and Statements by amendments, including to the extent some information currently presented should be moved to a different category or labeled a different way.

**Specific Schedules and Statements Disclosures**.

<u>Schedule B, Part 2, Subpart 8</u>.  The value of the Debtor's prepaid assets are based on the estimated Net Book Value of the Debtor's interest in such assets.  The Debtor will provide a schedule of prepaid assets to interested parties.

<u>Schedule B, Part 3, Subpart 11</u>.  The Debtor's accounts receivable ("A/R")have been pledged as security to certain factors, including but not limited to Triumph Financial Services LLC f/k/a Advance Business Capital LLC d/b/a Triumph Business Capital ("Triumph"), Citibank, N.A., Citibank Europe, PLC, Bank of America, and J.P. Morgan Chase Bank, N.A.  The Debtor has identified the amount of Triumph's claim as of the Petition Date.  The Debtor will provide a schedule of the amounts of the other lienholders as of the Petition Date upon request.  In addition, all such lienholders are also identified on Schedule D.  Please refer to the below note with respect to Schedule D.  The Debtor estimates that the portion of the A/R that is uncollectable is $1,834,222.39.

<u>Schedule B, Part 7, Subparts 39 and 41</u>.  The Debtor's assets have not been appraised.  The Debtor therefore attempted to list the items required to be disclosed in Schedule B, Part 7, Subparts 39 and 41 on a cost basis.  Additionally, the Net Book Value of Debtor's interest in such assets has been estimated.

<u>Schedule B, Part 8, Subpart 47</u>.  The Debtor's asset have not been appraised.  The Debtor therefore attempted to list the item required to be disclosed in Schedule B, Part 8,

Subpart 47 on a cost basis.  Additionally, the Net Book Value of Debtor's interest in such assets has been estimated.

Schedule B, Part 9, Subpart 55.   The Debtor's interest in its leasehold improvements has not been appraised.  The Debtor therefore attempted to value its interest in the leasehold improvements on a cost basis.  Additionally, the Net Book Value of Debtor's interest in such assets has been estimated.

Schedule B, Part 10, Subpart 62.  The Debtor's interest in its License Agreement with Omar Singh (the "Singh License") has not been appraised.  The valuation of the Singh License is an estimate only.

Schedule D - Creditors Holding Secured Claims.  Debtor has listed creditors on Schedule D based on the terms of their respective loan or credit documents, as applicable, that may contain language granting security interests or other liens to the Debtor's assets. Although the Debtor may have scheduled claims of various creditors as secured claims, the Debtor reserves all rights to dispute or challenge the value of a creditor's collateral, the secured nature or validity of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's claim (including, but not limited to, whether any document is a true lease or financing arrangement).  Without limiting the foregoing, the inclusion on Schedule D of creditors that have asserted liens of any nature is not intended to be an acknowledgement of the validity, extent, or priority of any such liens, and the Debtor reserves its rights to challenge such liens and the underlying claims on any ground whatsoever.  Reference to the applicable agreements and other related relevant documents is necessary for a complete description of the collateral and the nature, extent, and priority of any liens.

Except as specifically stated herein, real property lessors, utility companies and other parties that may hold security deposits have not been listed on Schedule D.  The Debtor has not included on Schedule D all parties that may believe their claims are secured through setoff rights, deposits posted by, or on behalf of, the Debtor, or inchoate statutory lien rights.  Any such creditors may, however, be listed on Schedule F.

Schedule E - Creditors Holding Unsecured Priority Claims.  As part of certain "first day" orders, the Debtor was authorized to pay, in their own discretion, certain outstanding prepetition claims, including, but not limited to, wages, taxes and benefits under the Employee Wage Orders.  As discussed herein, amounts due for prepetition claims that have been paid postpetition pursuant to the authority granted by the Bankruptcy Court are not included on Schedule E as of the Petition Date.

The listing of any claim on Schedule E does not constitute an admission by the Debtor that such claim is entitled to priority under § 507 of the Bankruptcy Code.  The Debtor reserves the right to dispute the priority status of any claim on any basis.

Schedule F - Creditors Holding Unsecured Nonpriority Claims.  The liabilities identified in Schedule F are derived from the Debtor's books and records.  Though the Debtor made a reasonable attempt to set forth its unsecured obligations, the actual

amount of claims against the Debtor may vary from those liabilities represented on Schedule F.  Events that occur during the administration of this Chapter 11 case, such as lease or contract rejections, may impact the total amounts owed to general unsecured creditors.  The claims of creditors may not reflect credits or allowances due from such creditor.  The Debtor reserves all of its rights in respect of such credits and allowances.

Schedule G - Executory Contracts.  While every effort has been made to ensure the accuracy of Schedule G, inadvertent errors or omissions may have occurred.  Listing a contract, lease or agreement on Schedule G does not constitute an admission that such contract, lease or agreement is an executory contract or unexpired lease or that such contract, lease or agreement was in effect on the Petition Date or is valid or enforceable.  The Debtor hereby reserves all of its rights to dispute the validity, effectiveness, status, or enforceability of any contracts, agreements, or leases set forth in Schedule G and to amend or supplement such Schedule as necessary.  Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, options to purchase, rights of first refusal, and other miscellaneous rights.  Such rights, powers, duties, and obligations are not set forth separately on Schedule G; however, nothing in Schedule G shall operate as a bar to the Debtor's right to treat such agreements as severable.  In addition, the Debtor may have entered into various other types of agreements in the ordinary course of its business, such as easements, right of way, subordination, non-disturbance agreements, supplemental agreements, amendments, letter agreements, title agreements, non-disclosure agreements and confidentiality agreements.  Such documents may not be set forth on Schedule G.

The Debtor reserves all rights to dispute or challenge the characterization of the structure of any transaction or any document or instrument related to a creditor's claim, including, but not limited to, whether any lease is a true lease or financing arrangement.

The Debtor may be a party to certain agreements that have expired by their terms, but all parties continue to operate under terms of the expired agreement.  The Debtor has attempted to list all such agreements on Schedule G.  The Debtor's inclusion of such contracts, leases or agreements on Schedule G is not an admission that such contract, lease or agreement is an executory contract or unexpired lease.

Omission of a contract, lease or agreement from Schedule G does not constitute an admission that such omitted contract, lease or agreement is not an executory contract or unexpired lease.  The Debtor's rights under the Bankruptcy Code with respect to any such omitted contracts, leases or agreements are not impaired by the omission.

Statements, Parts 1 & 2.  The Debtor operates on calendar fiscal year beginning on January 1 and ending on December 31.

Specific Notes.  These Global Notes are in addition to the specific notes set forth in the individual Schedules and Statements.  The fact that the Debtor has prepared a "specific note" with respect to any of the Schedules and Statements and not to others should not be interpreted as a decision by the Debtor to exclude the applicability of any Global Note to any of the Debtor's remaining Schedules and Statements, as appropriate.

Moreover, disclosure of information in one Schedule, Statements, exhibit or continuation sheet, even if incorrectly placed shall be deemed to be disclosed in the correct Schedule, Statement, exhibit or continuation sheet.

Totals.  All totals that are included in the Schedules represent totals of the liquidated amounts for the individual schedule for which they are listed.  To the extent that there are unliquidated, unknown or undetermined amounts, the actual total may be different than the listed total.

Undetermined Amounts.  The description of an amount as "unknown," "TBD," or "undetermined", if applicable, is not intended to reflect upon the materiality of such amount.

Unliquidated Claim Amounts.  As applicable, claim amounts that could not be fairly quantified by the Debtor are scheduled as "unliquidated," "TBD," "undetermined" and/or "unknown."

General Reservation of Rights.  The Debtor specifically reserves the right to amend, modify, supplement, correct, change, or alter any party of its Schedules and Statements as and to the extent necessary and as it deems appropriate.