**ORDERED.**

**Dated: July 26, 2024**

Jacob A. Brown
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

In re                                          )

SURGE TRANSPORTATION, INC.,[1]    )        Case No.: 3:23-bk-1712-JAB

Debtor.                    )        Chapter 11

_____    )

**ORDER CONFIRMING DEBTOR'S AMENDED
CHAPTER 11 PLAN OF REORGANIZATION AND
SCHEDULING POST CONFIRMATION STATUS CONFERENCE**

This Chapter 11 Case[2] came before the Court for consideration of the Amended

Chapter 11 Plan of Reorganization dated June 13, 2024 (Doc. 781) (the "Plan")[3] filed by

debtor, Surge Transportation, Inc. ("Debtor"). The material pleadings relating to

confirmation include the following:

- The Plan (Doc. 781);

_____

[1]    The Federal Employer Identification Number of the Debtor is 81-224742. The principal address of the Debtor is 7077 Bonneval Road, Suite 550, Jacksonville, Florida 32216.

[2]    Capitalized terms used but not otherwise defined in this Order shall have the meanings set forth in the Plan.

[3]    Citations to filings in the Bankruptcy Case in this Order are (Doc.__).

- Amended Disclosure Statement filed June 13, 2024 (the "Disclosure Statement") (Doc. 782);

- Motion for Order (i) Determining Dates, Procedures and Forms Applicable for Plan Solicitation Process, (ii) Establishing Vote Tabulation Procedures, (iii) Establishing Objection Deadline and Scheduling Hearing to Consider Confirmation of Plan filed April 4, 2024 (Doc. 600);

- Order (i) Approving Disclosure Statement on Preliminary Basis, (ii) Determining Dates, Procedures and Forms for Plan Solicitation Process, (ii) Establishing Vote Tabulation Procedures, (iii) Establishing Objection Deadlines and (iv) Scheduling Confirmation Hearing entered June 18, 2024 (Doc. 786);

- Proof of Service of (1) Order Approving the Amended Disclosure Statement, Scheduling Confirmation Hearing and Establishing Deadlines for Filing (i) Ballots, (ii) Rule 3018(a) Motions, (iii) Administrative Expense Claims, and (iv) Objections to Confirmation of the Debtor's Chapter 11 Plan of Liquidation entered June 18, 2024, and (2) Order (i) Approving Disclosure Statement on Preliminary Basis, (ii) Determining Dates, Procedures and Forms for Plan Solicitation Process, (ii) Establishing Vote Tabulation Procedures, (iii) Establishing Objection Deadlines and (iv) Scheduling Confirmation Hearing entered June 18, 2024, filed June 27, 2016 (Doc. 795);

- Proof of Service by American Legal Claims Services, LLC regarding Chapter 11 Plan of Liquidation, Amended Disclosure Statement, Addendum to Debtor's Amended Disclosure Statement and Other Solicitation Materials filed June 27, 2024 (Doc. 795);

- Ballot Tabulation (Doc. 805);

- Amended Ballot Tabulation (Doc. 808); and

- Declaration of Omar Singh in Support of Confirmation of Debtor's Amended Chapter 11 Plan of Reorganization filed July 22, 2024 (the "Singh Declaration") (Doc. 807).

A hearing to consider confirmation of the Plan was held July 24, 2024.[4]  Upon the record and the evidence presented, the Court makes the following findings of fact and conclusions of law:

A.  <u>Jurisdiction and Venue</u>.  This Court has jurisdiction over this Chapter 11 Case pursuant to §§ 157 and 1334 of Title 28 of the United States Code.  Venue is proper pursuant to §§ 1408 and 1409 of Title 28 of the United States Code.  Confirmation of the Plan is a core proceeding pursuant to § 157(b)(2)(L) of Title 28 of the United States Code, and this Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

B.  <u>Commencement and Administration of the Chapter 11 Case</u>.  Debtor commenced this Chapter 11 Case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on July 24, 2023 (Doc. 1).  Debtor has since operated its business and managed its property as Debtor in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in the Chapter 11 Case.  Debtor was and is qualified to be a Debtor under § 109 of the Bankruptcy Code.

C.  <u>Judicial Notice</u>.  The Court takes judicial notice of (and deems admitted into evidence for confirmation of the Plan) the docket of the Chapter 11 Case, including all pleadings and other documents on file, all orders entered, all hearing transcripts, and all evidence and arguments made, proffered or advanced at the hearings held before this Court during the pendency of the Chapter 11 Case.

D.  <u>Adequacy of Disclosure Statement</u>.  The Disclosure Statement satisfies the requirements of § 1125 of the Bankruptcy Code and contains adequate information to

---

[4] (the "Confirmation Hearing.")

permit creditors and parties in interest to make an informed decision on whether to accept or reject the Plan.

E. <u>Solicitation Procedures Order</u>. On June 18, 2024, the Court entered its Order (i) Approving Disclosure Statement on Preliminary Basis, (ii) Determining Dates, Procedures and Forms for Plan Solicitation Process, (iii) Establishing Vote Tabulation Procedures, (iv) Establishing Objection Deadlines, and (v) Scheduling Confirmation Hearing (the "Solicitation Procedures Order"). Pursuant to the Solicitation Procedures Order, Debtor was instructed to provide copies of (i) the Plan, (ii) the Disclosure Statement, (iii) a ballot (where appropriate), and (iv) other solicitation materials as specified in the Solicitation Procedures Order (collectively, the "Solicitation Materials") to creditors and parties in interest in the manner described in the Solicitation Procedures Order.

F. <u>Transmittal and Mailing of Solicitation Materials</u>. Thereafter, the Solicitation Materials were transmitted and served upon all interested parties in compliance with the Solicitation Procedures Order and in compliance with the Bankruptcy Rules, and such transmittal and service was adequate and sufficient. Notice of the Confirmation Hearing and all deadlines in the Solicitation Procedures Order was given in compliance with the Bankruptcy Rules and the Solicitation Procedures Order and good and sufficient notice was given in accordance with Bankruptcy Rules 2002(b) and 3020(b)(2), and no other or further notice is required. Votes for acceptance or rejection of the Plan were solicited in good faith, after the Court had approved the adequacy of the Disclosure Statement on a preliminary basis, and Debtor is otherwise in

compliance with Bankruptcy Code §§ 1125 and 1126 and Bankruptcy Rules 3017 and 3018.

G.     <u>Notice of Confirmation Hearing</u>.  Notice of the Confirmation Hearing and the solicitation of acceptances and rejections of the Plan complied with the terms of the Solicitation Procedures Order, was appropriate and satisfactory based upon the circumstances of Debtor's Chapter 11 Case, and was in compliance with the provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

H.     <u>Ballot Tabulations</u>.  The procedures used by Debtor to receive and tabulate ballots from the Holders of Claims in the voting Classes, as set forth in the Ballot Tabulation filed on July 18, 2024 (Doc. 805), as amended on July 22, 2024 (Doc. 808), were proper and appropriate and in compliance with the Solicitation Procedures Order, the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and all other applicable rules, laws and regulations.  As described in the Ballot Tabulations, the Plan was accepted by each of the Impaired Classes entitled to vote.  Debtor therefore obtained the requisite acceptances both in number and amount for confirmation of the Plan for those Classes eligible to vote on the Plan.

I.     <u>Solicitation in Good Faith</u>.  Based on the foregoing and the record before the Court, the Court finds that Debtor and its directors, officers, employees, financial advisors, attorneys, and other professionals and agents have solicited acceptances of the Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code.

J.     <u>Identification of Plan Proponent</u>.   As required by Bankruptcy Rule 3016(a), the Plan is dated and identifies the Plan proponent.

K.    <u>Classifications</u>.    In addition to Administrative Claims and Priority Tax Claims, which need not be classified, the Plan designates four Classes of Claims and Interests.  The Claims and Interests placed in each Class are substantially similar to the other Claims or Interests, as the case may be, in such Class.  Valid business, factual, and legal reasons exist for separately classifying the various Classes of Claims and Interests created under the Plan.  The classifications were not created for any improper purpose and the creation of such Classes does not unfairly discriminate between Holders of Claims and Interests.  The Plan thus satisfies §§ 1122 and 1123(a)(1) of the Bankruptcy Code.

L.    <u>Designation of Impaired and Unimpaired Classes</u>.    The Plan specifies that Classes 1, 2 and 3 are Impaired under the Plan.  Class 4 is unimpaired.  Article III of the Plan details the treatment of each Impaired and Unimpaired Class.  Sections 1123(a)(2) and 1123(a)(3) of the Bankruptcy Code are thus satisfied.

M.    <u>No Discrimination</u>.    The Plan provides for the same treatment by Debtor for each Claim or Interest in each respective Class unless the Holder of a particular Claim or Interest has agreed to a less favorable treatment of such Claim or Interest, thereby satisfying § 1123(a)(4) of the Bankruptcy Code.

N.    <u>Adequate Means of Implementation</u>.    Article IV of the Plan and various other provisions of the Plan specifically provide, in sufficient detail, adequate and proper means for the implementation of the Plan.  Accordingly, the requirements of § 1123(a)(5) of the Bankruptcy Code are satisfied.

O.    <u>Discretionary Provisions Consistent with Bankruptcy Code</u>.   The Plan does not include any discretionary provisions which are inconsistent with the Bankruptcy Code.  Debtor has therefore met the requirements of § 1123(b)(6).

P.    <u>Assumption and Rejection of Executory Contracts and Unexpired Leases</u>. In accordance with § 1123(b)(2) of the Bankruptcy Code, the Plan provides for the assumption or rejection of all executory contracts and unexpired leases of Debtor.

Q.    <u>Business Justification for Assumption and Rejection of Executory Contracts and Unexpired Leases</u>.  A reasonable business judgment has been reached with respect to the assumption and assignment of all executory contracts or unexpired leases as contemplated in the Plan.  Each assumption or rejection of an executory contract or unexpired lease as provided in Article VIII of the Plan shall be legal, valid, and binding upon Debtor and all non-Debtor parties to such contracts, all to the same extent as if such assumption or rejection had been authorized and effectuated pursuant to an appropriate order of the Court that was entered pursuant to § 365 of the Bankruptcy Code prior to the Confirmation Date.

R.    <u>Adequate Assurance of Future Performance</u>.   Debtor has provided adequate assurance of future performance for each executory contract or unexpired lease being assumed by Debtor.  As a result, the requirements of § 365(b) of the Bankruptcy Code are satisfied.

S.    <u>Retention of Claims and Causes of Action</u>.   In accordance with § 1123(b)(3) of the Bankruptcy Code, Section 14.1 of the Plan provides that any Causes of Action that Debtor may hold against any entity shall revest in Debtor on the Effective Date.   Thereafter, Debtor shall have the exclusive right, but not the obligation, to

institute, prosecute, abandon, settle or compromise any Causes of Action without further order of the Court.

T.    <u>Compliance of Plan with the Bankruptcy Code</u>.  The Plan complies with the applicable provisions of Chapter 11 of the Code, thereby satisfying § 1129(a)(l) of the Bankruptcy Code.

U.    <u>Debtor's Compliance with the Bankruptcy Code</u>.  Debtor, as a proponent of the Plan, complied with the applicable provisions of the Code, thereby satisfying § 1129(a)(2) of the Bankruptcy Code.

V.    <u>Plan Proposed in Good Faith</u>.  Debtor proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying § 1129(a)(3) of the Bankruptcy Code.  Debtor's good faith is evident from the facts and records of this case, the Disclosure Statement, and the record of the Confirmation Hearing and other proceedings held in this Chapter 11 Case.  The Plan was proposed with the legitimate and honest purpose of maximizing the value of Debtor's estate for the benefit of creditors and other parties in interest.

W.    <u>Approval of Compromises Inherent in the Plan</u>.  The Plan itself and the arms' length negotiations among Debtor, Omar Singh, Triumph Financial Services, LLC ("Triumph"), OTR Capital, LLC, Baxter Bailey & Associates, Inc., Alexander Winton & Associates, Inc., Phoenix Capital Group, LLC, Wex Capital, Integra Funding Solutions, LLC, Yankton Factoring, Inc. and iThrive Financial, LLC, which led to the Plan's formulation, represent a proper exercise of Debtor's business judgment, are supported by adequate consideration, and provide independent evidence of Debtor's good faith in proposing the Plan.  Upon consideration of the factors enunciated in *In re Justice Oaks II,*

*Ltd.*, 898 F.2d 1544, 1549 (11th Cir. 1990), the Court finds that the compromises set forth in Section 5.2 of the Plan constitute a good faith compromise of all Claims the Plaintiffs may have against Debtor and Triumph and resolve complicated issues relating to the ownership of the receivables owed to Surge for products delivered by its carrier constituency.  The compromises are also fair and reasonable and shall be approved.  All settlements and compromise of Claims or Causes of Action embodied in the Plan are effective and binding on each Holder of a Claim and Membership Interest who may have standing to assert such Claims.

     X.    <u>Necessity of Indemnification, Exculpation, Releases and Injunctions and Continuation, Post-Confirmation, or Prior Orders Containing Injunctive Relief</u>.  The indemnification, exculpation, and injunction provisions of the Plan represent valid exercises of business judgment and have been negotiated in good faith and at arms' length with, among others, the Official Committee of Unsecured Creditors (the "Committee") and their respective advisors, are supported by adequate consideration, are fair, equitable and reasonable, and are consistent with §§ 105, 362(a), 524(e), 1122, 1123(b)(3)(A), 1123(b)(6), 1129 and 1142 of the Bankruptcy Code.  The injunctions are described in specific and conspicuous language that satisfies Rule 3016(c), Federal Rules of Bankruptcy Procedure, and are narrowly tailored to achieve their intended purpose.

     Y.    <u>Approval of Fees and Costs</u>.  Any payment made or to be made by Debtor for services or for costs and expenses in or in connection with this case, or in connection with the Plan and incident to this case, has been approved by, or is subject to the approval of, this Court as reasonable, thereby satisfying § 1129(a)(4) of the Bankruptcy Code.

Z.    <u>Identity of Officers and Directors</u>.  Debtor has disclosed the identity and compensation of all individuals who will serve, after confirmation, as a director or officer of Debtor, and the compensation payable to such officers and directors.  The continued employment of the officers and directors so designated is consistent with the interests of the creditors and public policy.  Section 1129(a)(5) of the Bankruptcy Code is therefore satisfied.

AA.    <u>Regulatory Rate Changes</u>.  The Plan does not provide for any rate change that requires regulatory approval.  Section 1129(a)(6) of the Bankruptcy Code is not therefore implicated.

BB.    <u>Best Interest of Creditors and Interest Holders</u>.  The liquidation analysis provided in the Disclosure Statement is persuasive, is based upon reasonable and sound assumptions, has not been controverted by other evidence, and establishes that each Holder of an Impaired Claim or Interest will receive or retain under the Plan, on account of such Claim or Interest, property of a value as of the Effective Date that is not less than the amount that such Holder would receive or retain if the Debtor were liquidated under Chapter 7 of the Bankruptcy Code on such date.  Section 1129(a)(7) of the Bankruptcy Code is thus satisfied.

CC.    <u>Acceptance of Plan</u>.  Classes One through Three have voted to accept the Plan in accordance with § 1126(c) of the Bankruptcy Code.

DD.    <u>Payment of Administrative and Priority Claims</u>.  The treatment of Administrative Claims, Professional Fee Claims and Priority Claims under Article VI of the Plan satisfies the requirements of §§ 1129(a)(9)(A), (B) and (C) of the Bankruptcy Code.

EE.   <u>Acceptance of Plan by at Least One Class of Impaired Creditors</u>.  As set forth in the Ballot Tabulations, and as reflected in the record of the Confirmation Hearing, all Classes of Claims that are Impaired under the Plan have accepted the Plan, determined without including any acceptance of the Plan by any insider of the Debtor holding a Claim in such Class, thereby satisfying § 1129(a)(10) of the Bankruptcy Code.

FF.   <u>Feasibility</u>.  The Plan provides for a lump-sum distribution to unsecured creditors through an Exit Loan Facility funded by Triumph.  Pursuant to the Court Order Granting Debtor's Motion for Approval of Post-Petition Financing dated June 20, 2024 (Doc. No. 787), Debtor acknowledges having received from Triumph the "Bridge Loan" in the amount of $150,000, which constitutes a portion of the Exit Loan Facility.   Subject to satisfaction of certain conditions under Debtor's Plan, Triumph will fund the balance of the Exit Loan Facility by remitting payment to Debtor as provided herein.  The amount of the Exit Loan Facility is sufficient to cover all Administrative and Priority Claims, particularly with the concessions embedded in the Plan, and to make a distribution to General Unsecured Claims.  Debtor's projected revenues are sufficient to cover the debt service attendant to the Exit Loan Facility.  Confirmation of the Plan is not therefore likely to be followed by the need for further financial reorganization of Debtor.  Though conditions to funding the Exit Loan remain, the Court has every reason to believe that the Exit Loan Facility will be funded.  The feasibility standard of § 1129(a)(11) of the Bankruptcy Code is thus satisfied.

GG.   <u>U.S. Trustee Fees</u>.  All United States Trustee fees payable under § 1930 of Title 28 of the United States Code have been paid or will be paid on the Effective Date,

and thereafter as may be required, thereby satisfying § 1129(a)(12) of the Bankruptcy Code.

HH.    <u>Retiree Benefits</u>.    The Plan and Disclosure Statement provide for the continued payment of all benefits subject to §§ 1114 and 1129(a)(13) of the Bankruptcy Code.    Accordingly, § 1129(a)(13) of the Bankruptcy Code, which requires among other things, continuation of any such benefits through a date certain is satisfied.

II.    <u>Inapplicable Provisions of § 1129 of the Bankruptcy Code</u>.    Sections 1129(a)(14) and (15) are inapplicable to Debtor.

JJ.    <u>Only One Plan</u>.    Other than the Plan submitted by Debtor (amending Debtor's original Plan of Reorganization filed on March 29, 2024 (Doc. 555)), no other Plan has been filed in this Chapter 11 Case.    Section 1129(c) of the Bankruptcy Code is thus satisfied.

KK.    <u>Plan Purpose</u>.    The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act of 1933. Section 1129(d) of the Bankruptcy Code is not therefore implicated.

LL.    <u>Extinguishment of Further Opportunities to Challenge Triumph's Lien</u>. On or about September 12, 2023, the Court entered the Stipulation of Debtor, Triumph Financial Services LLC, and the Committee Regarding Certain Clarifications to the Final DIP Order Approving Debtor-in-Possession Financing and Pre-Petition Factoring and Security Agreement with Triumph Financial Services LLC (Doc. 135) (the "Stipulation").    Paragraph 13 of the Stipulation states that the Committee was given an extension of time until ninety (90) days from the date of the entry of the Final DIP Order "to complete an investigation of the facts relating to Triumph's ownership interest in

prepetition Purchased Accounts, the validity, enforceability, priority of the liens and security interest granted to Triumph in Debtor's prepetition Collateral (as defined in the prepetition Factoring Agreement), or the amount of Obligations owing to Triumph by Debtor, prepetition, including, but not limited to, the amount, validity and priority of Triumph's prepetition Claims against Debtor that arose before the commencement of the Bankruptcy Case (collectively, "Committee Objection Deadline").   On November 13, 2023, the parties filed with the Court a Limited Amendment of the Stipulation (Doc. 263) indicating the Committee Objection Deadline was enlarged such that the "then the deadline for the Committee to deliver the Alleged Claim Summary is February 8, 2024, and the 'Committee Objection Deadline' shall be February 15, 2024, unless such deadlines are further modified by written consent of Triumph." Subsequently, the Court directed Debtor, Triumph and various creditors to mediate the pending adversary proceedings filed against Debtor and Triumph, and to seek to agree upon the terms of a Chapter 11 Plan. Though no agreement was reached at the mediation, the framework for a plan of reorganization pursuant to which Triumph would provide exit financing to Debtor was discussed. After the mediation was concluded, as a result of the ongoing settlement discussions among the parties, and at the request of the Committee, Triumph informally agreed to an extension of the Committee's Committee Objection Deadline. Triumph and the Committee acknowledge that the Committee's Committee Objection Deadline under the Final DIP Order has finally expired. In connection with confirmation of the Plan pursuant to this Order, the Committee has elected not to seek to contest any of Triumph's rights under the Final DIP Order, and as a result, the Committee is barred from seeking to contest any of Triumph's rights.

MM.   <u>Burden of Proof</u>.   Debtor has met its burden of proving each of the elements of § 1129 of the Bankruptcy Code by a preponderance of the evidence, which is the applicable standard.

NN.   <u>Conditions Precedent to Effective Date</u>.   Each condition precedent to the Effective Date set forth in Article XVI, or elsewhere, in the Plan is reasonably likely to be satisfied or waived in accordance with the provisions of the Plan.

**ACCORDINGLY, IT IS ORDERED:**

1.   <u>Approval of Disclosure Statement</u>.   The Disclosure Statement is approved.

2.   <u>Late Filed Ballots</u>.   The Creditor Committee's *ore tenus* motion at the Confirmation Hearing to accept late filed Ballots is granted.

3.   <u>Confirmation of the Plan</u>.   The Plan is confirmed, as modified herein.

4.   <u>Incorporation of Plan Documents</u>.   The terms of the Plan and the exhibits thereto (including any non-material amendments, modifications, or supplements thereof at any time before the Effective Date) are incorporated by reference into and are an integral part of the Plan and this Order. Each term, as it may have been altered or interpreted in accordance with this Order, is valid and enforceable pursuant to its terms.

5.   <u>Objections</u>.   All parties have had a full and fair opportunity to litigate all issues raised, or that might have been raised, in connection with the confirmation of the Plan, and any and all comments thereto have been considered by the Court.   All objections that have not been withdrawn, waived, or settled, and all reservations of rights pertaining to confirmation of the Plan included therein, are overruled on the merits for the reasons stated on the record of the Confirmation Hearing.

6.     <u>Findings of Fact and Conclusions of Law</u>.  The findings of fact and the conclusions of law set forth herein shall constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.   All findings of fact and conclusions of law announced by the Court at the Confirmation Hearing in relation to Confirmation of the Plan are hereby incorporated herein to the extent not inconsistent herewith.  To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

7.     <u>Plan Classification Controlling</u>.   The classifications of Claims and Interests for purposes of the distributions to be made under the Plan shall be governed solely by the terms of the Plan.

8.     <u>Binding Effect</u>.  Under § 1141 of the Bankruptcy Code, effective as of the Confirmation Date, but subject to the occurrence of the Effective Date, and except as expressly provided in this Order, the provisions of the Plan (including the exhibits to, and all documents and agreements executed under, pursuant to, or in contemplation of, the Plan) and this Order shall be binding on (i) Debtor, (ii) all Holders of Claims against and Interests in Debtor, whether or not such Holders of Claims or Interests filed proofs of Claim in the Chapter 11 Case, whether or not such Claims or Interests are Impaired under the Plan, and whether or not, if Impaired, such Holders accepted, rejected, or are deemed to have accepted or rejected the Plan, (iii) all non-Debtor parties to executory contracts and unexpired leases with Debtor, (iv) all entities that are parties to or are subject to the settlements, compromises, releases, discharges, and injunctions described in the Plan or

herein, (v) every other party in interest in the Chapter 11 Case, and (vi) each of the foregoing's respective heirs, successors, assigns, trustees, executors, administrators, affiliates, officers, directors, attorneys, agents, representatives, beneficiaries, or guardians, if any.  In addition, the Committee is subject to all injunctions contained in the Final DIP Order, the Payment Procedures Order and the Debtor's Plan.

9.    Plan Distributions.  The proceeds of the Exit Loan Facility shall be placed in trust with Debtor's counsel and shall not be subject to levy, process, garnishment or attachment in favor of any creditor of Surge.  Upon payment of the Exit Loan Facility proceeds to Debtor's counsel, Triumph shall be deemed to have met its obligations under the Plan and shall have no exposure or liability in connection with the further disbursement of the Exit Loan Facility proceeds.  Upon receipt of the Exit Loan Facility proceeds, Debtor's counsel is authorized to pay all Professional Fees and costs awarded by the Court to Debtor's counsel, Dundon Advisors, and counsel for the Creditors' Committee, as limited by the concessions and deferments contained in the Plan, plus the unpaid balance of any fees which Surge owes to Michael E. Demont as mediator.  Fees and costs payable to American Legal Claim Services, LLC for services rendered and costs advanced in connection with this Chapter 11 Case may likewise be paid from the Exit Loan Facility as they accrue.  The payments to the settling Plaintiffs, as described in Section 5.2 of the Plan, shall also be paid in accordance with the Plan following execution and Court approval of the Amended Settlement Agreement currently being circulated among the parties for signature and dismissal of the Declaratory Relief Actions.

Debtor represented at the hearing that it will likely employ a claims distribution agent to disburse the balance of the Exit Loan Facility following Court approval of the final distribution schedule.  The fees and costs of the selected disbursing agent may also be deducted from the Exit Loan Facility as they accrue.

Debtor shall file a notice of funding with the Court upon the closing of the Exit Loan Facility and shall thereafter include an accounting of all disbursements from the loan proceeds in the periodic reports filed with the Court.

10.    <u>Duplicate Claims</u>.  There shall be only one Claim allowed on account of a single freight transportation transaction evidenced by a load confirmation number established by Debtor.  If a carrier's Claim seeks payment of the same freight charges as contained in its factor's Claim, and Debtor has previously received a notice of assignment with respect to the carrier to pay said factor as assignee of said carrier's rights to payment of such freight charges, then any distributions on account of the Claim shall be paid solely to the factor, and will not be paid to the carrier unless and until a release is provided by the factor.  Notwithstanding, any payment made to a factor prior to Debtor's receipt of a written release of such notice of assignment from the factor shall be deemed to have been paid, in full.  A number of previously factored Claims also appear to have been assigned to collection agents like Baxter Bailey & Associates, Inc. and Alexander Winton & Associates, Inc.  With respect to such assigned Claims, notices of assignment will be honored in order of their priority until released, with the earlier notice having priority over the latter.  Notwithstanding the foregoing, Debtor may, in its reasonable discretion as a matter of convenience, cost and expediency, pay a duplicate Claim if the amount of such duplicate Claim or the distribution to be made on account of

such duplicate Claim is in Debtor's reasonable determination de minimus in amount without incurring liability to an assignee of such Claim.

11.     <u>Expungement or Adjustment to Claims Without Objection</u>.  Any Claim that has been paid, satisfied or superseded may be expunged on the Claims register, and any Claim that has been amended may be adjusted thereon, in both cases without a Claim objection having to be filed and without any further notice to or action, order or approval of the Bankruptcy Court.

12.     <u>Claims Paid by Third Parties</u>.  Debtor shall reduce a Claim, and such Claim shall be disallowed without an objection to such Claim having to be filed and without further notice to, action, order, or approval of the Bankruptcy Court, to the extent the Holder of such Claim receives payment on account of such Claim from a party that is not a Debtor. Further, to the extent a Holder of a Claim receives a distribution on account of such Claim and receives payment from a party that is not a Debtor on account of such Claim, such Holder shall, within fourteen (14) days of receipt thereof, repay or return the distribution, to the extent the Holder's total recovery on account of such Claim from the third party and under the Plan exceeds the amount of such Claim as of the date of any such distribution under the Plan.  The failure of such Holder to timely repay or return such distribution shall result in the Holder owing annualized interest at the federal judgment rate on such amount owed for each Business Day after the two-week grace period specified above until such amount is repaid.

13.     <u>Approval of Assumption and Rejection of Remaining Executory Contracts and Unexpired Leases</u>.  All executory contracts and unexpired leases to which Debtor is a party are declared rejected as of the Effective Date except for an executory contract or

unexpired lease that (i) previously has been assumed pursuant to a Final Order of this Court, (ii) is specifically designated as an executory contract or unexpired lease to be assumed in the Plan, or (iii) is the subject of a separate assumption motion filed by the Debtor under § 365 of the Bankruptcy Code prior to the Effective Date.  To the extent Debtor's licenses and insurance policies are considered to be executory contracts, all such leases and insurance policies shall be deemed assumed as of the Effective Date.

14.    <u>Broker Carrier and Broker Shipper Contracts</u>.  Pursuant to Article VIII of the Plan, all carriers who provide post-petition or post-confirmation transportation services for Debtor pursuant to said pre-petition contracts shall be bound and obligated thereby for all post-confirmation shipments accepted by them notwithstanding the lack of formal assumption of the underlying contracts.  By the same token, the non-assumption of Debtor's Broker Shipper Agreements shall not constitute a termination of such contracts, and the parties may continue to perform thereunder.

15.    <u>Business Judgment</u>.  A reasonable business judgment has been reached with respect to whether to assume or reject each of the executory contracts and unexpired leases as set forth in the Plan.  Each assumption and rejection of an executory contract or unexpired lease as provided in Article VIII of the Plan shall be legal, valid, and binding upon Debtor and all non-Debtor parties to such contracts, all to the same extent as if such assumption or rejection had been authorized and effectuated pursuant to an appropriate order of the Court that was entered pursuant to § 365 of the Bankruptcy Code prior to the Confirmation Date.

16.    <u>Approval of Plan Compromises</u>.  The Settlement of the Declaratory Relief Actions as provided in Section 5.2 of the Plan is hereby approved, and such compromise

is binding on the parties thereto.  The parties to the compromises, including OTR Capital, LLC, Baxter Bailey & Associates, Inc., Alexander Winton & Associates, Inc., Phoenix Capital Group, LLC, Wex Capital, Integra Funding Solutions, LLC, Yankton Factoring, Inc. and iThrive Financial, LLC, are directed to comply with the terms of such compromise and to execute such other and further documents as are necessary to effectuate the settlements described therein, including the filing of notice(s) of dismissal, with prejudice of the Declaratory Relief Actions.

17.    <u>Release of Preference Claims</u>.    The Plan contemplates a release of Avoidance Actions and Causes of Action against Factors who elected on their Ballots to reduce their claims against the Estate by thirty percent (30%) and permit their carrier clients to factor Surge receivables.  Debtor is authorized to enter into such Settlement Agreements as it deems necessary and appropriate to reduce such elections to a binding commitment on the Factor's part without the necessity of further Court involvement. Factors who did not make such an election on their Ballots may only receive a release of Causes of Action or Avoidance Actions at Debtor's sole discretion.

18.    <u>Adequate Assurance of Future Performance</u>.    Debtor has provided adequate assurance of its future performance for each executory contract or unexpired lease assumed pursuant to the Plan.  As a result, the requirements of § 365(f) of the Bankruptcy Code are satisfied.

19.    <u>Corporate Governance</u>.    Under § 1129(a)(5)(A)(ii) of the Bankruptcy Code, the Court approves the continued employment of the individuals designated as officers or directors of Debtor as being consistent with the interests of Holders of Claims and Interests and with public policy; provided, however, that nothing set forth herein

shall prevent any of the foregoing individuals from resigning as an officer or director without further order of the Court. The directors, officers and employees of Debtor shall continue to have the benefit of any and all directors' and officers' liability insurance policies that may be in effect.

20.    <u>Continuation of Insurance Policies</u>.  Confirmation of the Plan does not invalidate, terminate or reject any insurance policy, whether pre-petition or post-petition, of Debtor and all such policies remain in effect under their terms.

21.    <u>Contested Matters</u>.  All persons or entities which are parties to adversary proceedings or contested matters pending before this Court, which are not finally determined as of the date of this Order, are restrained and enjoined from commencing any other proceedings or taking any other action against Debtor with respect to any issue raised in such adversary proceedings or contested matter, except upon further order of this Court.

22.    <u>Post-Confirmation Effect of Post-Petition Orders; Releases</u>.  Articles XI and XII of the Plan provide for releases in favor of third-parties. The proposed releases were fully and conspicuously disclosed in the Plan, the Disclosure Statement and the Ballots. Such releases are binding on all parties who filed Ballots accepting the Plan.  The releases of any third-party claims against Omar Singh and Triumph are not violative of the holding in *Harrington v. Purdue Pharma (In re Purdue Pharma)*, 603 U.S. _____, 144 S.Ct. 2071, 2024 WL 3187799 (June 27, 2024), as they are largely continuations of prior injunctions contained within the Payment Procedures Order and the Final DIP Financing Order, neither of which were appealed, and relate solely to the ownership of the receivables generated by Surge.  Unlike releases and injunctions that extinguish

claims against non-debtor third parties without the consent of affected claimants, the injunctions, as contained in the Payment Procedures Order and the Final DIP Financing Order, are based on the enforcement of prepetition contractual waivers entered into between Debtor and its prepetition carriers related to the ownership of, and/or rights to collect and retain payment with respect to the receivables generated by Surge that Surge assigned to Triumph under the Factoring Agreement. Accordingly, the prepetition contractual waivers entered into between Debtor and its prepetition carriers make the facts of this case distinguishable from those forming the foundation of the limited holding in *Purdue Pharma*. There were also no objections to the Plan, including the release, exculpation, and injunction provisions therein, raised at the Confirmation Hearing or in written form prior to the Confirmation Hearing.

23.    <u>Exculpation</u>.    Notwithstanding anything contained in the Plan to the contrary, neither Debtor, the Committee nor their professionals shall have or incur any liability to any person or Entity for any and all Claims and Causes of Action arising on or after the Petition Date, including any act taken or omitted to be taken in connection with, or related to, formulating, negotiating, preparing, approving, disseminating, implementing, administering, confirming or consummating the Plan, the Amended Disclosure Statement, or any other contract, instrument, release or other agreement or document created or entered into in connection with the Plan or any other act taken after the Petition Date or omitted to be taken in connection with or in contemplation of the transactions occurring in the Chapter 11 Case; *provided, however*, that the foregoing provisions shall have no effect on the liability of any Releasee that results from any act or

omission that is determined in a Final Order to be solely due to such Releasee's own gross negligence or willful misconduct.

24.    <u>Extinguishment of Prepetition Claims</u>.    Except as otherwise expressly provided for in the Plan or in obligations (including any documents evidencing such obligations) issued pursuant to the Plan, the rights afforded in the Plan and the treatment of all Claims in the Plan shall be in exchange for and in complete satisfaction of Claims of any nature whatsoever, including any interest accrued on Claims from and after the Petition Date, against Debtor or any of its assets or properties.    On the Effective Date, all such Claims against Debtor shall be deemed satisfied and released in full, subject to the treatment provided for such Claims in the Plan.

25.    <u>Injunctions and Automatic Stay</u>.    Unless otherwise provided in the Plan or herein, all injunctions or stays in effect in the Chapter 11 Case pursuant to §§ 105, 362, or 525 of the Bankruptcy Code or otherwise, or any order of the Court, and extant on the date of this Confirmation Order, including the injunctions established by the Payment Procedures Order and the Final DIP Financing Order, shall remain in full force and effect.

26.    <u>Plan Injunctions</u>.    Except as otherwise expressly provided for in the Plan or in obligations (including any documents evidencing such obligations) issued pursuant to the Plan, all parties and entities are permanently enjoined, on and after the Effective Date, on account of any Claim against Debtor that is satisfied and released hereby, from:

(a)    commencing or continuing in any manner any action or other proceeding of any kind against Debtor, Debtor's successors and assigns and their assets and properties;

(b)     enforcing, attaching, collecting or recovering by any manner or means any judgment, award, decree or order against Debtor, Debtor's successors and assigns and their assets and properties;

(c)     creating, perfecting or enforcing any encumbrance of any kind against Debtor or the property or estate of Debtor;

(d)     asserting any right of setoff or subrogation of any kind against any obligation due from Debtor or against the property or estate of Debtor, except to the extent a right to setoff or subrogation is asserted with respect to a timely filed proof of Claim;

(e)     commencing or continuing in any manner any action or other proceeding of any kind in respect of any Claim against Debtor or Cause of Action that is released or settled hereunder; or

(f)     taking any actions to interfere with Debtor and its employees', officers', directors' and agents' implementation or consummation of the Plan.

27.     <u>Vesting of Causes of Action</u>.  The provisions of Article XIV of the Plan are hereby approved in their entirety.  Except as otherwise provided in the Plan, on the Effective Date, all of Debtor's rights to commence and pursue, as appropriate, any and all Causes of Action, whether arising before or after the Petition Date, in any court or other tribunal in an adversary proceeding or contested matter filed in the Chapter 11 Case, will be transferred to Debtor in accordance with the Plan.

28.     <u>Preservation of Causes of Action</u>.  Unless a Claim or Cause of Action against a creditor or other Person is expressly waived, relinquished, released, compromised, or settled in the Plan or any Final Order, the Claim or Cause of Action shall be transferred to Debtor for later adjudication and, therefore, no preclusion doctrine, including the doctrines of res judicata, collateral estoppel, issue preclusion, Claim preclusion, waiver, estoppel (judicial, equitable, or otherwise) or laches will apply to such Claims or Causes of Action upon or after the confirmation or consummation of the Plan

based on the Disclosure Statement, the Plan or this Confirmation Order, except where such Claims or Causes of Action have been expressly waived, relinquished, released, compromised, or settled in the Plan or a Final Order.

29.    <u>Deadline for Filing Objections to Claims</u>.  Debtor may file within sixty (60) days from the date hereof any and all objections to the allowance of any Claim, except for those Claims Allowed under the Plan.  Debtor shall comply with all post-confirmation payment and reporting requirements of the United States Trustee, including but not limited to the filing of the quarterly disbursement reports required under Rule 2015(a)(5) until entry of the Final Decree.

30.    <u>U.S. Trustee Fees</u>.  The quarterly fees payable to the United States Trustee shall continue to accrue until the earlier of the conversion or dismissal of this case or the entry of the Final Decree.

31.    <u>Exemptions from Taxation</u>.  Pursuant to § 1146(a) of the Bankruptcy Code, the delivery of any deed or other instrument of transfer under, in furtherance of, or in connection with the Plan, including any deeds, bills of sale, assignments, mortgages, deeds of trust shall not be subject to any stamp, real estate transfer, mortgage recording, sales, use or other similar tax nor any Uniform Commercial Code filing or recording fee or similar taxes or other governmental assessment.  This would include any deed stamps or taxes imposed on the mortgages and deeds of trust being executed by (i) Tadina Q. Ross and Omar D. Singh as Trustees of the Tadina and Omar Singh Joint Family Trust Dated January 7, 2022, for the property located at 20651 Holyoke Drive, Ashburn, Virginia, and (ii) Omar D. Singh as Trustee of the Omar Singh Family Trust Dated January 7, 2022, for the property located at 44390 Cedar Heights Drive, Ashburn,

Virginia, as contemplated by the Plan.  All appropriate state or local government officials or agents shall forego the collection of any such tax or governmental assessment and accept for filing and recordation any of the foregoing Instruments or other documents without the payment of any such tax or governmental assessment.

32.      Authorization to Consummate Plan and to Execute Such Ancillary Documents as are Necessary to Implement Plan.   All documents and agreements necessary to consummate or otherwise implement the Plan, and all other relevant and necessary documents developed in connection therewith are essential elements of the Plan and entry into and consummation of the transactions contemplated by each such document and agreement are in the best interests of Debtor, the Estate, and Holders of Claims and Interests.  Debtor shall be authorized to consummate the Plan at any time after entry of this Confirmation Order, subject to the satisfaction or waiver of the conditions precedent to the Effective Date set forth in Article XVI of the Plan, and to execute, deliver, file and record all agreements, documents, instruments, and certificates relating to such agreements as contemplated under the Plan, including the Secured Promissory Note, and to perform and implement its obligations thereunder.  The terms and conditions of such documents and agreements have been negotiated in good faith, at arm's length, are fair and reasonable and shall, upon completion of documentation and execution, be valid, binding, and enforceable documents and agreements not in conflict with any federal or state law.  The substantial consummation of the Plan within the meaning of § 1127 of the Bankruptcy Code shall be deemed to have occurred on the Effective Date.

33.     <u>Modification of Plan and Plan Documents</u>.  Without the need for a further order or authorization of this Court, but subject to the express provisions of this Order, Debtor shall be authorized and empowered to make non-material modifications to the documents filed with the Court, including the documents forming part of the evidentiary record at the Confirmation Hearing, in its reasonable business judgment as may be necessary, subject to review and consent of Triumph and the Unsecured Creditors Committee, as applicable.  Further, following entry of this Order, Debtor shall be authorized upon further order of the Bankruptcy Court, to alter, amend, or modify the Plan in accordance with § 1127(b) of the Bankruptcy Code, or to remedy any defect or omission or reconcile any inconsistency in the Plan in such manner as may be necessary to carry out the purpose and intent of the Plan.

34.     <u>Approvals and Consents</u>.  This Confirmation Order shall constitute all approvals and consents, required, if any, by the laws, rules or regulations of any State or any other governmental authority with respect to the implementation or consummation of the Plan and any documents, instruments or agreements, and any amendments or modifications thereto, and any other acts referred to in or contemplated by the Plan, the Disclosure Statement and any documents, instruments or agreements, and any amendments or modifications thereto.

35.     <u>Dissolution of the Committee</u>.  The Official Committee of Unsecured Creditors shall be dissolved as of the Effective Date.

36.     <u>Nonoccurrence of Conditions to the Effective Date</u>.  If each of the conditions to the Effective Date is not satisfied or duly waived in accordance with Article XVI of the Plan, then upon motion by Debtor made before the time that each of such

conditions has been satisfied or duly waived and upon notice to such parties in interest as the Bankruptcy Court may direct, this Confirmation Order will be vacated by the Bankruptcy Court; *provided, however*, that, notwithstanding the filing of such motion, this Confirmation Order may not be vacated if each of the conditions to the Effective Date is either satisfied or duly waived before the Bankruptcy Court enters an order granting such motion.  If this Confirmation Order is vacated pursuant to this section: (a) the Plan will be null and void in all respects including with respect to the assumptions, assignments or rejections of Executory Contracts and Unexpired Leases; and (b) nothing contained in the Plan will (i) constitute a waiver or release of any Claims by or against, or any Interest in, Debtor, or (ii) prejudice in any manner the rights of Debtor or any other party in interest.  Notwithstanding the non-performance, or lack thereof, of any conditions precedent to the effectiveness of the Plan, upon funding the Exit Loan Facility by Triumph, no such conditions precedent shall constitute cause to deny enforcement of the Plan, invalidate the effectiveness of the Plan, seek any relief from the Plan and/or vacate the Confirmation Order.

37.    <u>Retention of Jurisdiction</u>.  Except as expressly provided in the Plan, this Court retains jurisdiction of this proceeding pursuant to and for the purposes of §§ 105(a) and 1127 of the Bankruptcy Code, for the following purposes:

a.    allow, disallow, determine, liquidate, classify, estimate or establish the priority or secured or unsecured status of any Claim, including the resolution of any request for payment of any Administrative Claim and the resolution of any and all objections to the allowance or priority of Claims;

b.    grant or deny any applications for allowance of compensation or reimbursement of expenses authorized pursuant to the Bankruptcy Code or the Plan, for periods ending on or before the Effective Date;

c.      resolve any matters related to the assumption, assignment or rejection of any Executory Contract or Unexpired Lease to which the Debtor is a party or with respect to which Debtor may be liable, and to hear, determine and, if necessary, liquidate, any Claims arising therefrom;

d.      ensure that Distributions to Holders of Allowed Claims are accomplished pursuant to the provisions of the Plan;

e.      determine all disputes arising in connection with the interpretation, implementation, consummation or enforcement of the Plan and all contracts, instruments and other agreements executed in connection with the Plan;

f.      decide or resolve any motions, adversary proceedings, contested or litigated matters and any other matters and grant or deny any applications involving Debtor that may be pending on the Effective Date or instituted after the Effective Date; *provided, however*, that Debtor shall reserve the right to commence actions in all appropriate jurisdictions;

g.      enter such orders as may be necessary or appropriate to implement or consummate the provisions of the Plan and all other contracts, instruments, releases, indentures and other agreements or documents adopted in connection with the Plan or the Disclosure Statement;

h.      determine any request to modify the Plan or to cure any defect or omission or reconcile any inconsistency in the Plan or any order of the Bankruptcy Court;

i.      issue injunctions, enforce them, enter and implement other orders or take such other actions as may be necessary or appropriate to restrain interference by any Entity with the Effective Date or enforcement of the Plan, except as otherwise provided in the Plan;

j.      enforce all orders, judgments, injunctions, releases, exculpations, indemnifications and rulings entered in connection with the Chapter 11 Case, including enforcement of the injunctions set forth in Articles XI and XIII of the Plan;

k.      issue and enforce such other orders and injunctions, or take any other action that may be necessary or appropriate to restrain interference with the implementations, consummation and enforcement of the Plan or this Confirmation Order;

l.      resolve any cases, controversies, suits or disputes with respect to the releases, injunction and other provisions contained in Article IX of the Plan, and enter such orders as may be necessary or appropriate to implement or enforce all such releases, injunctions and other provisions;

m.      enter and implement such orders as necessary or appropriate if this Confirmation Order is modified, stayed, reversed, revoked or vacated;

n.      resolve any other matters that may arise in connection with or relate to the Plan, the Disclosure Statement, this Confirmation Order or any contract, instrument, release, indenture or other agreement or document adopted in connection with the Plan or the Disclosure Statement;

o.      enforce the Post-Petition Agreements and the Exit Loan Facility among Debtor, Triumph and any guarantor;

p.      adjudicate and resolve any act alleged to be in contravention of the Plan or the Disclosure Statement; and

q.      enter an order or the decree contemplated in § 350 of the Bankruptcy Code and Bankruptcy Rule 3022 concluding the Chapter 11 Case.

38.     <u>Applicable Law</u>.  Unless a rule of law or procedure is supplied by federal law (including Bankruptcy Code and Bankruptcy Rules) or unless otherwise specifically stated, the law of the State of Florida, without giving effect to the principles of conflict of laws, shall govern the rights, obligations, construction and implementation of the Plan and any agreements or documents executed or cited into in connection with the Plan.

39.     <u>Service of Confirmation Order</u>.  No later than five (5) business days after the Confirmation Date, the Debtor (or its agents) shall file with the Court and serve upon the parties in interest on the Master Service List a notice of entry of this Order.   In accordance with Bankruptcy Rules 2002 and 3020(c), within ten (10) business days after the Effective Date, Debtor (or its agents) shall give notice of the entry of this Order and the occurrence of the Effective Date, by United States first class mail postage prepaid, to all parties in interest on the Master Service List; provided, however, that no notice or service of any kind shall be required to be mailed or made upon any person to whom Debtor mailed a Confirmation Hearing Notice, but received such notice returned marked

"undeliverable as addressed," "moved - left no forwarding address," or "forwarding order expired," or similar reason, unless the Debtor has been informed in writing by such person of that person's new address.

40.     <u>Final Order</u>.  This Confirmation Order is a Final Order and the period in which an appeal must be filed shall commence upon the entry hereof.

41.     The Court will hold a post-confirmation status conference on **August 20, 2024 at 10:30 a.m.** before the Honorable Jacob A. Brown, United States Bankruptcy Judge, in Courtroom 4C, 4th Floor, Bryan Simpson United States Courthouse, 300, North Hogan Street, Jacksonville, Florida 32202 to address any issues in need of redress with respect to implementation of the Plan and the Settlement contained therein.

Richard R. Thames, Esq. is directed to serve a copy of this Order on interested parties who are non-CM/ECF users and file a proof of service within seven days of entry of the Order.